JS 44   (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Medical Products Laboratories, Inc.
9990 Global Road
Philadelphia, PA 19115

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
David L. Braverman
Braverman Kaskey, P.C.
1650 Market St., 56th Floor Philadelphia, PA 19103  (215) 575-3800

## DEFENDANTS
Premier Dental Products Company
1710 Romano Drive
Plymouth Meeting, PA 19462

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION   *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
      Plaintiff

☒ 3  Federal Question
      *(U.S. Government Not a Party)*

☐ 2  U.S. Government
      Defendant

☐ 4  Diversity
      *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                           *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   *(Place an "X" in One Box Only)*

### CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment
   & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted
   Student Loans
   (Excl. Veterans)
☐ 153 Recovery of Overpayment
   of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

### TORTS

#### PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product
   Liability
☐ 320 Assault, Libel &
   Slander
☐ 330 Federal Employers'
   Liability
☐ 340 Marine
☐ 345 Marine Product
   Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle
   Product Liability
☐ 360 Other Personal
   Injury
☐ 362 Personal Injury -
   Med. Malpractice

#### PERSONAL INJURY
☐ 365 Personal Injury -
   Product Liability
☐ 367 Health Care/
   Pharmaceutical
   Personal Injury
   Product Liability
☐ 368 Asbestos Personal
   Injury Product
   Liability

#### PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal
   Property Damage
☐ 385 Property Damage
   Product Liability

### FORFEITURE/PENALTY
☐ 625 Drug Related Seizure
   of Property 21 USC 881
☐ 690 Other

### LABOR
☐ 710 Fair Labor Standards
   Act
☐ 720 Labor/Mgmt. Relations
☐ 740 Railway Labor Act
☐ 751 Family and Medical
   Leave Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc.
   Security Act

### BANKRUPTCY
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal
   28 USC 157

### PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☒ 840 Trademark

### SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff
   or Defendant)
☐ 871 IRS—Third Party
   26 USC 7609

### OTHER STATUTES
☐ 375 False Claims Act
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and
   Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 850 Securities/Commodities/
   Exchange
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 895 Freedom of Information
   Act
☐ 896 Arbitration
☐ 899 Administrative Procedure
   Act/Review or Appeal of
   Agency Decision
☐ 950 Constitutionality of
   State Statutes

### REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

### CIVIL RIGHTS
☐ 440 Other Civil Rights
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/
   Accommodations
☐ 445 Amer. w/Disabilities -
   Employment
☐ 446 Amer. w/Disabilities -
   Other
☐ 448 Education

### PRISONER PETITIONS
☐ 510 Motions to Vacate
   Sentence
   **Habeas Corpus:**
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 560 Civil Detainee -
   Conditions of
   Confinement

### IMMIGRATION
☐ 462 Naturalization Application
☐ 463 Habeas Corpus -
   Alien Detainee
   (Prisoner Petition)
☐ 465 Other Immigration
   Actions

## V. ORIGIN   *(Place an "X" in One Box Only)*
☒ 1 Original
    Proceeding
☐ 2 Removed from
    State Court
☐ 3 Remanded from
    Appellate Court
☐ 4 Reinstated or
    Reopened
☐ 5 Transferred from
    another district
    *(specify)*
☐ 6 Multidistrict
    Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. 1120

Brief description of cause:
Complaint for injunctive and declaratory relief for false or fraudulent registration and breach of contract

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
   UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE                                           DOCKET NUMBER

DATE
10/22/2012

SIGNATURE OF ATTORNEY OF RECORD
/s/David L. Braverman

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

```
Medical Products Laboratories, Inc.
                    Plaintiff,          :          CIVIL ACTION
                                        :
                                        :
             v.                         :
Premier Dental Products Company,        :
                    Defendant.          :          NO.
```

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                              ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                 ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (X)

| | | |
|---|---|---|
| October 22, 2012 | David L. Braverman | Plaintiffs |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 575-3800 | (215) 575-3801 | dbraver@braverlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Clv. 660) 10/02

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: Medical Products Laboratories, Inc., 9990 Global Road, Philadelphia, PA 19115

Address of Defendant: Premier Dental Products Company, 1710 Romano Drive, Plymouth Meeting, PA 19462

Place of Accident, Incident or Transaction: Pennsylvania
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

  (Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐   No☒

Does this case involve multidistrict litigation possibilities?     Yes☐   No☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
     Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
     Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
     Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
     Yes☐   No☒

**CIVIL: (Place ✔ in ONE CATEGORY ONLY)**

**A.** *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify)   Trademark

**B.** *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☑ All other Diversity Cases
    (Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, David L. Braverman , counsel of record do hereby certify:
  ☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
  ☒ Relief other than monetary damages is sought.

DATE: October 22, 2012     /s/ David L. Braverman     PA Bar #35145
                             Attorney-at-Law                 Attorney I.D.#
**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: October 22, 2012     /s/ David L. Braverman     PA Bar #35145
                             Attorney-at-Law                 Attorney I.D.#

CIV. 609 (6/08)

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Medical Products Laboratories, Inc., 9990 Global Road, Philadelphia, PA 19115

Address of Defendant: Premier Dental Products Company, 1710 Romano Drive, Plymouth Meeting, PA 19462

Place of Accident, Incident or Transaction: Pennsylvania

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))　　Yes☐　No☒

Does this case involve multidistrict litigation possibilities?　　Yes☐　No☒

*RELATED CASE, IF ANY:*

Case Number: _____　　Judge _____　　Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?

　　Yes☐　No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?

　　Yes☐　No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?

　　Yes☐　No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?

　　Yes☐　No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
　　(Please specify)　Trademark

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
　　(Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, David L. Braverman , counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: October 22, 2012　　/s/ David L. Braverman　　PA Bar #35145
　　　　　　　　　　　　　　Attorney-at-Law　　　　　　Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: October 22, 2012　　/s/ David L. Braverman　　PA Bar #35145
　　　　　　　　　　　　　　Attorney-at-Law　　　　　　Attorney I.D.#

CIV. 609 (6/08)

**APPENDIX G**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

Medical Products Laboratories, Inc.
                Plaintiff,    :
                              :
                              :
              V.             :         Civil Action
Premier Dental Products Company    :         No: _____
                  Defendant.    :
                              :

## DISCLOSURE STATEMENT FORM

Please check one box:

☒                The nongovernmental corporate party, <u>Medical Products Laboratories,</u> Inc. , in the above listed civil action does not have any parent corporation and publicly held corporation that owns 10% or more of its stock.

❑                The nongovernmental corporate party, _____ , in the above listed civil action has the following parent corporation(s) and publicly held corporation(s) that owns 10% or more of its stock:

_____
_____
_____
_____

<u>October 22, 2012</u>              <u>/s/ David L. Braverman</u>
      Date                            Signature

                      Counsel for: <u>Plaintiff, Medical Products Laboratories, Inc.</u>

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**
      (a)    WHO MUST FILE; CONTENTS.   A nongovernmental corporate party must file two copies of a disclosure statement that:
           (1)    identifies any parent corporation and any publicly held corporation owning10% or more of its stock;  or

           (2)    states that there is no such corporation.

    (b) TIME TO FILE; SUPPLEMENTAL FILING.  A party must:
           (1)    file the disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court; and
           (2)    promptly file a supplemental statement if any required information changes.

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

| | |
|---|---|
| Medical Products Laboratories, Inc. | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | )  Civil Action No. |
| Premier Dental Products Company | ) |
| _____ | ) |
| *Defendant* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Premier Dental Products Company
1710 Romano Drive
Plymouth Meeting, PA 19462

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  David L. Braverman
Max J. Ernst
Braverman Kaskey, P.C.
1650 Market Street, 56th Floor
Philadelphia, PA 19103

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*Michael E. Kunz*
*Clerk of Court*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $       0.00       .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MEDICAL PRODUCTS LABORATORIES, INC.<br>9990 Global Road<br>Philadelphia, PA 19115 | : | |
| | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. _____ |
| | : | |
| PREMIER DENTAL PRODUCTS COMPANY<br>1710 Romano Drive<br>Plymouth Meeting, PA 19462 | : | |
| | : | |
| | : | |
| Defendant. | : | |
| | : | |

## COMPLAINT

1.       This action for injunctive and declaratory relief is brought by Medical Products Laboratories, Inc. ("MPL") against Premier Dental Products Company ("Premier") under the Lanham Act (15 U.S.C. § 1051, *et seq.*) for false or fraudulent registration and for breach of contract.

## JURISDICTION

2.       Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 in that this action arises under the laws of the United States.

3.       Jurisdiction is also proper in this Court pursuant to 28 U.S.C. § 1338 in that this action arises under an Act of Congress related to trademarks.

4.       Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1367(a) in that any and all claims asserted by MPL over which this Court may lack original jurisdiction are so related to MPL's claims over which this Court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

**VENUE**

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) in that a substantial part of the events or omissions giving rise to MPL's claims occurred in this District and Premier resides in this district.

**PARTIES**

6.      MPL is a Pennsylvania Corporation with a principal place of business at 9990 Global Road, Philadelphia, PA 19115.

7.      Premier is a Pennsylvania Corporation with a principal place of business at 1710 Romano Drive, Plymouth Meeting, PA 19462.

**FACTUAL BACKGROUND**

A.      The Trademark Agreement

8.      MPL is a contract manufacturing company with expertise in research & development, manufacturing, packaging and testing of quality medical products.

9.      Premier is a distributor of various medical products including dental products.

10.      On September 16, 1975 MPL and Premier entered into an agreement regarding the use of trademarks for products developed by MPL or by MPL and Premier and marketed by Premier (the "Trademark Agreement").  A true and correct copy of the Trademark Agreement is attached hereto as Exhibit A.

11.      The Trademark Agreement provided that "All current and future trademarks put into interstate commerce by Premier Dental Products Company covering merchandise made for their distribution by Medical Products Laboratories are jointly owned by both Medical Products Laboratories and Premier Dental Products Company."  Trademark Agreement at ¶ 1.

12.      The Trademark Agreement remains in full force and effect with only minor and immaterial modifications.

2

B.     The Enamel Pro Trademarks

13.     In or about 2003, MPL began developing and manufacturing a topical prophylaxis paste called "Enamel Pro".

14.     Enamel Pro is a 1.23% Fluoride prophylaxis paste with amorphous calcium phosphate (ACP).

15.     Pursuant to its usual custom, MPL distributed Enamel Pro through Premier.

16.     On or about July 6, 2004, Premier filed an application for a trademark on the use of the mark "Enamel Pro".

17.     This application was approved and Trademark Reg. No. 3,118,123 was entered on the Principal Register on July 18, 2006 (the "2006 Trademark"). A true and correct copy of the Certificate of Entry of the Mark on the Principal Register is attached hereto as Exhibit B.

18.     Premier is the sole owner of the 2006 Trademark listed on the Register.

19.     MPL is not listed as an owner of the 2006 Trademark on any official document.

20.     For the 2006 Trademark, Premier filed an Joint Affidavit of Use and Incontestability on July 13, 2012 as required by 15 U.S.C. § 1058 asserting that the mark was still in commerce and listing Premier as the sole owner of the mark (the "2012 Affidavit"). A true and correct copy of the 2012 Affidavit is attached hereto as Exhibit C.

21.     On or about October 12, 2006, Premier filed an application for a trademark on the use of the mark "Enamel Pro".

22.     This application was approved and Trademark Reg. No. 3,382,472 entered on the Principal Register on February 12, 2008 (the "2008 Trademark"). A true and correct copy of the Certificate of Entry of the Mark on the Principal Register is attached hereto as Exhibit D.

23.     Premier is the sole owner of the 2008 Trademark listed on the Register.

3

24.     MPL is not listed as the owner of the 2006 Trademark on any official document.

## COUNT I

### False and Fraudulent Registration of the 2006 Trademark (15 U.S.C. § 1120)

25.     MPL incorporates Paragraphs 1 through 24, as if fully set forth herein at length.

26.     Premier filed an application for the 2006 Trademark that did not list MPL as owner of the Trademark.

27.     Premier knew that MPL was a co-owner of the 2006 Trademark at the time the application for the Trademark was made.

28.     Premier's failure to list MPL as a co-owner of the 2006 Trademark was a false statement made to the United States Patent and Trademark Office.

29.     Moreover, Premier filed the 2012 Affidavit and again failed to identify MPL as co-owner of the 2006 Trademark.

30.      At the time Premier filed the 2012 Affidavit, Premier knew that MPL was a co-owner and that the application contained false and/or fraudulent representations.

31.     As a result of Premier's actions, MPL has suffered injury including, but not limited to, loss of rights in the 2006 Trademark.

WHEREFORE, MPL prays for relief as more fully set forth below.

## COUNT II

### False and Fraudulent Registration of the 2006 Trademark (15 U.S.C. § 1120)

32.     MPL incorporates Paragraphs 1 through 31, as if fully set forth herein at length.

33.     Premier filed an application for the 2008 Trademark that did not list MPL as owner of the Trademark.

4

34.     Premier knew that MPL was a co-owner of the 2008 Trademark at the time the application for the Trademark was made.

35.     Premier's failure to list MPL as a co-owner of the 2008 Trademark was a false statement made to the United States Patent and Trademark Office.

36.     As a result of Premier's actions, MPL has suffered injury including, but not limited to, loss of rights in the 2008 Trademark.

WHEREFORE, MPL prays for relief as more fully set forth below.

## COUNT III
### Breach of Contract

37.     MPL incorporates Paragraphs 1 through 36, as if fully set forth herein at length.

38.     MPL and Premier are parties to the Trademark Agreement, which is a valid and binding contract between them.

39.     The Trademark Agreement provides that all trademarks for products produced by MPL and distributed by Premier shall be jointly owned by both entities.

40.     Premier filed applications for the 2006 Trademark and the 2008 Trademark that fail to list MPL as a joint owner in those trademarks.

41.     The 2006 Trademark and the 2008 Trademark fail to identify MPL as a joint owner.

42.     As a result of Premier's failure to list MPL as a joint owner in the two trademarks, MPL's rights in the trademarks are not protected.

43.     Accordingly, Premier has breached the Trademark Agreement by failing to ensure that MPL is protected as a joint owner in the 2006 Trademark and the 2008 Trademark.

### PRAYER FOR RELIEF

WHEREFORE, MPL respectfully requests that the Court enter judgment in favor of MPL and against Premier:

1.    Declaring MPL joint-owner of the 2006 Trademark and 2008 Trademark; and

2.    Entering an Order directing Premier to take all necessary steps to enter MPL on the Trademark Registry as a joint-owner of the 2006 Trademark and the 2008 Trademark.

3.    An award of all costs and attorneys' fees pursuant to 15 U.S.C. § 1117.

4.    Entering any such further relief as the Court deems just and proper.

Respectfully Submitted,

BRAVERMAN, KASKEY, P.C.


By /s/David L. Braverman
David L. Braverman, Esquire
Max J. Ernst, Esquire
1650 Market Street-56th Floor
Philadelphia, PA 19103
*Attorneys for Plaintiff*
*Medical Products Laboratories, Inc.*

DATE: October 22, 2012

# EXHIBIT A

September 16, 1975

AGREEMENT BETWEEN MEDICAL PRODUCTS LABORATORIES(CORPORATION)

AND PREMIER DENTAL PRODUCTS COMPANY(CORPORATION)

1) All current and future trademarks put into interstate commerce by Premier Dental Products Company covering merchandise made for their distribution by Medical Products Laboratories are jointly owned by both Medical Products Laboratories and Premier Dental Products Company.

2) If Premier Dental Products Company sells their business the trademarks shall be treated as follows:

(A) If the purchasing company and Medical Products Laboratories make a new distribution agreement, Premier Dental Products Company will assign their one half ownership of the trademarks to Medical Products Laboratories at no cost.

- to be continued -

(B)   If no agreement is made with the purchasing
company by Medical Products Laboratories to
distribute the trademarked products, prior
to the sale of Premier Dental Products Company
to the purchasing company, Medical Products
Laboratories can offer to purchase Premier's
half ownership of the trademarks at a Fair
Market Price, from Charlestein and Frezel families
as a separate arrangement from
Premier Dental Products Company sale to the
purchasing company.

MEDICAL PRODUCTS LABORATORIES          PREMIER DENTAL PRODUCTS COMPANY

Harold G. Stone, Dr., President     Morton L. Charlestein, President

Elliott Stone                       Jerrold A. Frezel, Asst. Secretary

# EXHIBIT B

Int. Cl.: 5

Prior U.S. Cls.: 6, 18, 44, 46, 51, and 52

United States Patent and Trademark Office

Reg. No. 3,118,123
Registered July 18, 2006

## TRADEMARK
### PRINCIPAL REGISTER

# ENAMEL PRO

PREMIER DENTAL PRODUCTS COMPANY (PENNSYLVANIA CORPORATION)
1710 ROMANO DRIVE
PLYMOUTH MEETING, PA 19462

FOR: DENTAL PREPARATIONS, NAMELY PRO-PHYLAXIS PASTE, DENTAL RINSE, TOOTH WHITENING AGENT FOR PROFESSIONAL USE, DENTAL SEALANT USED TO COAT TEETH, AND FLUORIDATED FOAM FOR DENTAL USE, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 3-23-2006; IN COMMERCE 3-23-2006.

THE MARK CONSISTS OF STANDARD CHAR-ACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE ENAMEL, APART FROM THE MARK AS SHOWN.

SN 78-446,140, FILED 7-6-2004.

TARAH HARDY, EXAMINING ATTORNEY

# EXHIBIT C

PTO Form 1583 (Rev 5/2006)
OMB No. 0651-0055 (Exp 09/30/2014)

# Combined Declaration of Use and Incontestability under Sections 8 & 15

## The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **REGISTRATION NUMBER** | 3118123 |
| **REGISTRATION DATE** | 07/18/2006 |
| **SERIAL NUMBER** | 78446140 |
| **MARK SECTION** | |
| MARK | ENAMEL PRO |
| **ATTORNEY SECTION (current)** | |
| NAME | Timothy D. Pecsenye |
| FIRM NAME | BLANK AND ROME LLP |
| STREET | 1 LOGAN SQ FL 9 |
| CITY | PHILADELPHIA |
| STATE | Pennsylvania |
| POSTAL CODE | 19103-6998 |
| COUNTRY | United States |
| PHONE | 215.569.5619 |
| FAX | 215.832.5619 |
| EMAIL | pecsenye@blankrome.com |
| AUTHORIZED TO COMMUNICATE VIA E-MAIL | Yes |
| **ATTORNEY SECTION (proposed)** | |
| NAME | Edward M. Weisz |
| FIRM NAME | Cozen O'Connor |
| STREET | 277 Park Avenue |
| CITY | New York |
| STATE | New York |

| | |
|---|---|
| **POSTAL CODE** | 10172 |
| **COUNTRY** | United States |
| **PHONE** | 212-297-2660 |
| **FAX** | 212-986-0604 |
| **EMAIL** | nyodocket@cozen.com |
| **AUTHORIZED TO COMMUNICATE VIA E-MAIL** | Yes |
| **DOCKET/REFERENCE NUMBER** | 6012-50/324751 |
| **CORRESPONDENCE SECTION (current)** | |
| **NAME** | TIMOTHY D. PECSENYE |
| **FIRM NAME** | BLANK AND ROME LLP |
| **STREET** | 1 LOGAN SQ FL 9 |
| **CITY** | PHILADELPHIA |
| **STATE** | Pennsylvania |
| **POSTAL CODE** | 19103-6998 |
| **COUNTRY** | United States |
| **PHONE** | 215.569.5619 |
| **FAX** | 215.832.5619 |
| **EMAIL** | pecsenye@blankrome.com |
| **AUTHORIZED TO COMMUNICATE VIA E-MAIL** | Yes |
| **CORRESPONDENCE SECTION (proposed)** | |
| **NAME** | Edward M. Weisz |
| **FIRM NAME** | Cozen O'Connor |
| **STREET** | 277 Park Avenue |
| **CITY** | New York |
| **STATE** | New York |
| **POSTAL CODE** | 10172 |
| **COUNTRY** | United States |
| **PHONE** | 212-297-2660 |
| **FAX** | 212-986-0604 |

| EMAIL | nyodocket@cozen.com;eweisz@cozen.com |
|---|---|
| AUTHORIZED TO COMMUNICATE VIA E-MAIL | Yes |
| DOCKET/REFERENCE NUMBER | 6012-50/324751 |

## GOODS AND/OR SERVICES SECTION

| INTERNATIONAL CLASS | 005 |
|---|---|
| GOODS OR SERVICES | DENTAL PREPARATIONS, NAMELY PROPHYLAXIS PASTE, DENTAL RINSE, TOOTH WHITENING AGENT FOR PROFESSIONAL USE, DENTAL SEALANT USED TO COAT TEETH, AND FLUORIDATED FOAM FOR DENTAL USE |
| SPECIMEN FILE NAME(S) | \\TICRS\EXPORT16\IMAGEOUT 16\784\461\78446140\xml1\ 8150002.JPG |
| SPECIMEN DESCRIPTION | Electronic image of product package showing goods as used in connection with the mark |

## OWNER SECTION (current)

| NAME | Premier Dental Products Company |
|---|---|
| STREET | 1710 Romano Drive |
| CITY | Plymouth Meeting |
| STATE | Pennsylvania |
| ZIP/POSTAL CODE | 19462 |
| COUNTRY | United States |

## LEGAL ENTITY SECTION (current)

| TYPE | corporation |
|---|---|
| STATE/COUNTRY OF INCORPORATION | Pennsylvania |

## PAYMENT SECTION

| NUMBER OF CLASSES | 1 |
|---|---|
| NUMBER OF CLASSES PAID | 1 |
| SUBTOTAL AMOUNT | 300 |
| TOTAL FEE PAID | 300 |

## SIGNATURE SECTION

| SIGNATURE | /Edward M. Weisz/ |
|---|---|
| SIGNATORY'S NAME | Edward M. Weisz |

| SIGNATORY'S POSITION | Attorney for Registrant |
|---|---|
| DATE SIGNED | 07/13/2012 |
| SIGNATORY'S PHONE NUMBER | 212-297-2660 |
| PAYMENT METHOD | DA |
| **FILING INFORMATION** | |
| SUBMIT DATE | Fri Jul 13 12:20:00 EDT 2012 |
| TEAS STAMP | USPTO/S08N15-38.98.229.17<br>1-20120713122000795533-31<br>18123-490cc4288fe82ced2c4<br>714b67155c8d8b5-DA-9961-2<br>0120713112507268505 |

PTO Form 1583 (Rev 5/2006)
OMB No. 0651-0055 (Exp 09/30/2014)

# Combined Declaration of Use and Incontestability under Sections 8 & 15
## To the Commissioner for Trademarks:

**REGISTRATION NUMBER:** 3118123
**REGISTRATION DATE:** 07/18/2006

**MARK:** ENAMEL PRO

The owner, Premier Dental Products Company, a corporation of Pennsylvania, having an address of
    1710 Romano Drive
    Plymouth Meeting, Pennsylvania 19462
    United States
is filing a Combined Declaration of Use and Incontestability under Sections 8 & 15.

For International Class 005, the mark is in use in commerce on or in connection with **all** of the goods or services listed in the existing registration for this specific class: DENTAL PREPARATIONS, NAMELY PROPHYLAXIS PASTE, DENTAL RINSE, TOOTH WHITENING AGENT FOR PROFESSIONAL USE, DENTAL SEALANT USED TO COAT TEETH, AND FLUORIDATED FOAM FOR DENTAL USE; **and** the mark has been continuously used in commerce for five (5) consecutive years after the date of registration, or the date of publication under Section 12(c), and is still in use in commerce on or in connection with **all** goods or services listed in the existing registration for this class. Also, no final decision adverse to the owner's claim of ownership of such mark for those goods or services exists, or to the owner's right to register the same or to keep the same on the register; and, no proceeding involving said rights pending and not disposed of in either the U.S. Patent and Trademark Office or the courts exists. The owner is submitting one specimen for this class showing the mark as used in commerce on or in connection with any item in this class, consisting of a(n) Electronic image of product package showing goods as used in connection with the mark.
Specimen File1
The registrant's current Attorney Information: Timothy D. Pecsenye of  BLANK AND ROME LLP
    1 LOGAN SQ FL 9
    PHILADELPHIA, Pennsylvania (PA) 19103-6998
    United States

The registrant's proposed Attorney Information: Edward M. Weisz of  Cozen O'Connor
    277 Park Avenue
    New York, New York (NY) 10172
    United States
The docket/reference number is 6012-50/324751.

The phone number is 212-297-2660.

The fax number is 212-986-0604.

The email address is nyodocket@cozen.com.
The registrant's current Correspondence Information: TIMOTHY D. PECSENYE of BLANK AND
ROME LLP
   1 LOGAN SQ FL 9
   PHILADELPHIA, Pennsylvania (PA) 19103-6998
   United States


The registrant's proposed Correspondence Information: Edward M. Weisz of Cozen O'Connor
   277 Park Avenue
   New York, New York (NY) 10172
   United States
The docket/reference number is 6012-50/324751.


The phone number is 212-297-2660.

The fax number is 212-986-0604.

The email address is nyodocket@cozen.com;eweisz@cozen.com.

A fee payment in the amount of $300 will be submitted with the form, representing payment for 1
class(es), plus any additional grace period fee, if necessary.

### Declaration


*The mark is in use in commerce on or in connection with the goods and/or services identified above, as
evidenced by the attached specimen(s) showing the mark as used in commerce. The mark has been in
continuous use in commerce for five (5) consecutive years after the date of registration, or the date of
publication under Section 12(c), and is still in use in commerce. There has been no final decision adverse
to the owner's claim of ownership of such mark, or to the owner's right to register the same or to keep the
same on the register; and there is no proceeding involving said rights pending and not disposed of either
in the U.S. Patent and Trademark Office or in the courts.*

The undersigned being hereby warned that willful false statements and the like are punishable by fine or
imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements and the like
may jeopardize the validity of this document, declares that he/she is properly authorized to execute this
document on behalf of the Owner; and all statements made of his/her own knowledge are true and that all
statements made on information and belief are believed to be true.


Signature: /Edward M. Weisz/    Date: 07/13/2012
Signatory's Name: Edward M. Weisz
Signatory's Position: Attorney for Registrant
Signatory's Phone Number: 212-297-2660

Mailing Address **(current):**
   BLANK AND ROME LLP

1 LOGAN SQ FL 9
PHILADELPHIA, Pennsylvania 19103-6998

Mailing Address **(proposed):**
Cozen O'Connor
277 Park Avenue
New York, New York 10172

Serial Number: 78446140
Internet Transmission Date: Fri Jul 13 12:20:00 EDT 2012
TEAS Stamp: USPTO/S08N15-38.98.229.171-2012071312200
0795533-3118123-490cc4288fe82ced2c4714b6
7155c8d8b5-DA-9961-20120713112507268505



**ROUTING SHEET TO POST REGISTRATION (PRU)**

**Registration Number:**  3118123

**Serial Number:**  78446140

**RAM Sale Number:  9961**

**RAM Accounting Date:  20120713**

**Total Fees:**     $300

Note:  Process in accordance with Post Registration Standard Operating Procedure (SOP)

| Transaction | Fee Code | Transaction Date | Fee per Class | Number of Classes | Number of Classes Paid | Total Fee |
|---|---|---|---|---|---|---|
| §8 affidavit | 7205 | 20120713 | $100 | 1 | 1 | $100 |
| §15 affidavit | 7208 | 20120713 | $200 | 1 | 1 | $200 |

Physical Location: 900  - FILE REPOSITORY (FRANCONIA)

Lost Case Flag: False

In TICRS (AM-FLG-IN-TICRS): True

**Transaction Date:**    20120713

# EXHIBIT D

Int. Cl.: 5

Prior U.S. Cls.: 6, 18, 44, 46, 51, and 52

**Reg. No. 3,382,472**

## United States Patent and Trademark Office

Registered Feb. 12, 2008

### TRADEMARK
### PRINCIPAL REGISTER

# ENAMEL PRO

PREMIER DENTAL PRODUCTS COMPANY (PENNSYLVANIA CORPORATION)
1710 ROMANO DRIVE
PLYMOUTH MEETING, PA 19462

FOR: DENTAL VARNISH, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 3-1-2007; IN COMMERCE 3-1-2007.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NO. 3,118,123.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "ENAMEL", APART FROM THE MARK AS SHOWN.

SN 77-019,889, FILED 10-12-2006.

SALLY SHIH, EXAMINING ATTORNEY